IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 21-cr-00420-RMR

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JONATHAN ROOKS,

      Defendant.

---

**UNOPPOSED MOTION FOR 90-DAY ENDS OF JUSTICE CONTINUANCE
AND EXTENSION OF RELEVANT DEADLINES**

---

The defendant, Jonathan Rooks ("Mr. Rooks"), by and through undersigned counsel, David E. Johnson, hereby moves this Court, pursuant to 18 U.S.C. § 3161(h)(7)(A), for a 90-day ends of justice continuance, including a corresponding extension of relevant deadlines, including the pretrial motions deadline.  As grounds, he states as follows:

**Introduction & Procedural History**

1.     On December 9, 2021, a Complaint was filed, alleging a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)B) (possession with intent to distribute a controlled substance), and 18 U.S.C. § 922(g)(1) (felon in possession of a firearm and ammunition). *See* Doc. 1.

2.     On December 9, 2021, Mr. Rooks made his initial appearance in this case. *See* Doc. 4.  Undersigned counsel entered his appearance on December 13, 2021. Doc. 7.

3.      A Detention Hearing was originally scheduled for December 15, 2021. *See* Doc. 4.  However, one day prior to the scheduled hearing, on December 14, 2021, the Detention Hearing was vacated due to Mr. Rooks being transported to the hospital. *See* Doc. 8.  The Detention Hearing was then reset for December 17, 2021, Doc. 10; however, Mr. Rooks was still in the hospital at that time, so it was reset again for December 21, 2021, Doc. 14.

4.      The Indictment was filed in this case on December 15, 2021, *see* Doc. 11, which started the 70-day Speedy Trial Act ("STA") clock. 18 U.S.C. § 3161(c)(1).

5.      The Arraignment, Discovery, and Detention Hearings were held on December 21, 2021.  Doc. 16.

6.      The 70-day Speedy Trial Act ("STA") deadline date was calculated to be February 23, 2022 (*i.e.* 70 days after December 15, 2021). *See* Doc. 17 at 8. The instant motion tolls the clock beginning today until the motion is ruled upon. 18 U.S.C. § 3161(h)(1)(D).  As of the filing of this motion, a total of nineteen (19) days had run on the Speedy Trial Act clock – through January 3, 2022. Thus, a total of fifty-one (51) days remain on the Speedy Trial Act's 70-day clock.[1]

---

[1]   The time period through December 20, 2021 could arguably be tolled from the STA clock under 18 U.S.C. § 3161(h)(4), given that Mr. Rooks had been hospitalized and unable to be brought to court until December 21, 2021. However, because no finding was made at the December 21 hearing that Mr. Rooks was "physically unable to stand trial" during that time period, and given the uncertainty of Mr. Rooks' condition during that time, out of an abundance of caution this Motion calculates the STA clock as *not* being tolled through December 20, which is consistent with how it was calculated in the Discovery Conference Memorandum and Order. *See* Doc. 17 at 8 (Part IV(A)).

7.      Pretrial motions are currently due January 4, 2022; a trial preparation conference/Change of Plea Hearing is set for January 27, 2022, and trial is set to begin February 14, 2022. *See* Doc. 18.

### The Need for the Continuance

8.      In order to effectively represent Mr. Rooks, undersigned counsel believes it is necessary to continue the currently set dates in this case.

9.      Specifically, Mr. Rooks requests a 90-day exclusion of time from the Speedy Trial Act and a corresponding extension of the relevant dates, including an extension of the pretrial motions deadline.  With an exclusion of 90 days, coupled with the 51 days remaining on the Speedy Trial Act's clock at the time this motion was filed, *see supra* paragraph 6, the granting of this Motion would extend the Speedy Trial Act's deadline for trial to the date that is 141 days after the date on which this motion is ruled upon.

10.      Undersigned counsel has conferred with Assistant United States Attorney Ms. Andrea Surratt, who expressed she has no objection to the instant motion.

11.      The facts of this case, the need to review voluminous discovery, the necessary legal research and factual investigation, and the need to confer with Mr. Rooks, present circumstances requiring additional time, research and fact investigation, all of which cannot occur within the current deadlines.

12.      An initial disclosure of discovery occurred in this case earlier today, on January 4, 2021.  Based upon a review of a summary index, it appears the current discovery consists of 8,472 pages. There is also an indication that physical evidence will need to be viewed.

13.     With discovery being disclosed today, undersigned counsel has not had the opportunity to review it. In fact, as of this filing, counsel's office has not yet uploaded the discovery for review. Additional time is needed to begin and continue discovery review, as well as review physical evidence in this case.

14.     Undersigned counsel has reviewed the Complaint filed in this case. Additional time will be needed to research legal issues that relate to potential pre-trial motions.  Additional time is needed to ensure complete factual investigation and legal research prior to the filing of any pretrial motions.

15.     Additional time is also needed to complete investigation, including witness interviews and possible conferral with an expert concerning the nature of the alleged controlled substance.

16.     Finally, additional time is needed to confer with Mr. Rooks. Due to counsel's calendar, counsel has not had an opportunity to meet in person with Mr. Rooks to discuss his case. However, counsel has spoken via phone with Mr. Rooks. Additional time is needed for attorney-client conferral.

17.     In light of the above, counsel believes 90 days should be excluded from the computation of the STA clock.  Counsel does not believe he will be able to effectively represent Mr. Rooks under the currently set deadlines and dates.

**Statutory Factors**

18.      Title 18 U.S.C. §3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweigh the best interest of the public and

the defendant in a speedy trial."  The factors to be considered in such an evaluation are

listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

      19.    The three pertinent factors that apply to an "ends of justice" finding in the

present case include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> . . . .
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §3161(h)(7)(B).  *See also United States v. Toombs*, 574 F. 3d 1262, 1268-69

(10th Cir. 2009).

      20.    Mr. Rooks believes each of the three identified provisions could be

applicable here, supporting the request made herein.

**Case Law Factors**

      21.    Also in support of this motion Mr. Rooks addresses the factors articulated

in *United States v. West*, 828 F.2d 1468, 1469-70 (10th Cir. 1987).  This outline of

factors is consistent with the discussion concerning the adequacy of the record in an

ends-of-justice continuance context found in *United States v. Toombs*, 574 F.3d 1262

(10th Cir. 2009), and *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007).

22.     The decision to grant an "ends of justice" continuance is within the sound discretion of the Court. *Toombs*, 574 F.3d at 1262.  "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F. 3d 1431, 1435 (10th Cir. 1998).  The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 130 S. Ct. 1390 (2010).

23.     In *West*, the Tenth Circuit outlined certain factors they look to when weighing whether a denial of a continuance is arbitrary or unreasonable.  These factors include (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; and (4) the need asserted for the continuance and the harm the appellant might suffer as a result of the district court's denial of the continuance. *West*, 828 F.2d at 1470.

24.     Applying the *West* factors, Mr. Rooks states:

a.     The defense has exercised diligence.  An investigator has been assigned to Mr. Rooks' case, counsel has reviewed the Complaint, counsel has spoken with Mr. Rooks via phone, and discovery was disclosed today.  Nevertheless, additional time will be required to effectively represent Mr. Rooks at trial and pre-trial motions (if such are necessary), or to effectively assist him in knowingly and intelligently deciding whether to enter into a plea agreement (if applicable).

6

b.     It is anticipated that granting the requested continuance will accomplish counsel's need for additional time. The discovery will be organized and reviewed, witnesses will be located and interviewed, legal issues will be researched, counsel will confer with Mr. Rooks in person, and the parties will also confer. The continuance, if granted, would accomplish the purpose underlying the need for the continuance.

c.     The government does not object to the defense's request for a continuance.   Counsel does not presume in any given instance that the Court would or would not be inconvenienced by a requested continuance.  Counsel does not intend inconvenience to this Court and knows of no particular aspect of this request which would cause such a problem.  As always, counsel is happy to cooperate with the Court to lessen the chance of inconvenience.

d.     The final *West* factor is the need asserted for the continuance, and the harm that the defendant might suffer as a result of a denial.  The need for the continuance is described throughout this motion.  Without the exclusion of a period of time from the speedy trial calculations, defense counsel will be unable to provide effective assistance of counsel, and Mr. Rooks' right to be effectively represented in these proceedings will be seriously damaged.

25.    Finally, undersigned counsel believes that the ends of justice are best served by the granting of such continuance and such interest outweighs the best interest of the public and Mr. Rooks' in a speedy trial.

WHEREFORE, Mr. Rooks requests that A) this unopposed motion be granted, B) the Court enter an order extending the pretrial motions deadline, C) the court enter an

7

order excluding 90 days in the computation of time within which the trial in this case

must commence under the Speedy Trial Act, 18 U.S.C. § 3161, et al., and D) the trial be

continued to a day within 141 days after the date on which this motion is granted (*see*

*supra* paragraph 9).

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ David E. Johnson
DAVID E. JOHNSON
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
David_johnson@fd.org
Attorney for Defendant

8

CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2022, I filed the foregoing ***Unopposed Motion for 90-Day Ends of Justice Continuance and Extension of Relevant Deadlines*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail address:

Andrea L. Surratt, Assistant United States Attorney
E-mail:  andrea.surratt@usdoj.gov

I hereby certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

Jonathan Rooks (via U.S. mail)

s/ David E. Johnson
DAVID E. JOHNSON
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
David_johnson@fd.org
Attorney for Defendant