IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Criminal Case No. 21-cr-00420-RMR

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JONATHAN ROOKS,

      Defendant.

**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE 90 DAYS FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT**

This matter is before the Court on Defendant Jonathan Rooks' Unopposed Motion to Exclude 90 Days from the Requirements of the Speedy Trial Act. The Defendant asks this Court for an order excluding 90 days from the Speedy Trial Act Computations.

The Defendant's motion implicates the Speedy Trial Act of 1974, which is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). The Act requires that a defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(8).

The Speedy Trial Act provides, in pertinent part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *United States v. Hill*, 197 F.3d at 441. First, the Court must consider the following factors listed in § 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act].
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance will outweigh the best interests of the public and the defendant in a speedy trial." *United States v. Hill*, 197 F.3d at 441; 18 U.S.C. § 3161(h)(7)(A). Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *United States v. Hill*, 197 F.3d at 441 (quoting *United States v. Dorian*, 882 F.2d 1511, 1516 (10th Cir. 1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *United States v. Dorian*, 882 F.2d at 1516).

The Defendant's motion describes the various factors that he believes necessitate the exclusion of 90 days in this case, and the Court adopts and incorporates those facts here.  In support of his motion, Mr. Rooks states that he was indicted on a violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B) - possession with intent to distribute and distribution of a controlled substance, and 18 U.S.C. § 922(g)(1), prohibited person in possession of a firearm and ammunition.  Counsel for Mr. Rooks states that initial disclosure of discovery recently occurred existing of 8,472 pages (derived from a summary index). It should be noted that counsel has not had the opportunity to upload and actually review the discovery.  Defense counsel states that time is needed to begin and continue discovery review, as well as review of physical evidence.  Counsel for Mr. Rooks further states that he will need additional time to research legal issues that relate to potential pre-trial

3

motions as well as to complete factual investigation. He further states that additional time is needed to complete investigation, including witness interviews and possible conferral with an expert concerning the nature of the alleged controlled substance. Finally, counsel for Mr. Rooks states that, due to his calendar, he has not had an opportunity to meet in person with Mr. Rooks to discuss the case, although he has spoken with him via phone. Counsel states additional time is needed for attorney-client conferral.

Based on the relevant record considered as a whole, the Court finds that it would be unreasonable to expect adequate preparation, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 10 U.S.C. § 3161(c). The Court has considered the required factors under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

Accordingly, the court FINDS that:

(1) Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. 3161(h)(7)(b)(i);

(2) Even considering due diligence, failure to grant the motion would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 1361(h)(7)(B)(iv); and

(3) Therefore, the ends of justice served by granting the motion outweigh the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**IT IS HEREBY ORDERED THAT**:

(1) Defendant's Motion, at ECF 19, is **GRANTED**;

(2) **The 70-day clock, exclusive of tolled time, shall accordingly be extended from February 23, 2022 to May 26, 2022**;

(3) The current trial date and all pretrial deadlines are hereby **VACATED.** The **5-day** jury trial is reset for **May 23, 2022**. The Trial Preparation Conference/ Change of Plea Hearing is reset for **May 9, 2022 at 10:00 AM**;

(4) Defendant shall have to and including **April 11, 2022** to file pretrial motions, and responses to these motions shall be filed by **April 25, 2022**. If counsel believe an evidentiary hearing on motions is necessary, they shall confer and email Chambers at Rodriguez_Chambers@cod.uscourts.com by **April 27, 2022**.

DATED:  January 5, 2022.

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge