IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-420-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JONATHAN ROOKS,

    Defendant.

_____

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE**
_____

    COMES NOW the United States of America ("United States"), by and through United States Attorney Cole Finegan and Assistant United States Attorney Tonya S. Andrews, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c), moves this Court to enter a Preliminary Order of Forfeiture for certain assets.

    In support of this motion, the United States sets forth the following:

    1.    On December 15, 2021, the grand jury charged defendant Jonathan Rooks by Indictment in Count 1 with possession with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(vi), in Counts 2 and 3 with distribution and possession of a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C), and in Count 4 with knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, in violation of 18 U.S.C. § 922(g)(1).  (Doc. 11 at 1-2).

2. The United States also sought forfeiture from defendant Jonathan Rooks, pursuant to 21 U.S.C. § 853, of any of the defendant's right, title, and interest in all property, real or personal, constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the said violations, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Counts 1, 2, and 3, and pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearm and ammunition involved in the commission of the offenses in Count 4, including but not limited to specific firearms seized from defendant Jonathan Rooks' residence on December 9, 2021. (Doc. 11).

3. On July 27, 2022, the United States and defendant Jonathan Rooks entered into a Plea Agreement. The Plea Agreement provides, among other things, that the defendant agreed to plead guilty to Count 1, a violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(vi), and Count 4, a violation of 21 U.S.C. § 922(g) of the Indictment. (Doc. 36 at 1). Defendant Jonathan Rooks also agreed to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), whether in possession or control of the United States, or in possession and control of the defendant, or the defendant's nominees, or elsewhere. Defendant Jonathan Rooks agreed that the assets to be forfeited specifically include but are not limited to the assets listed in "Attachment A".[1] (Doc. 36 at 4-5). Items listed in Attachment A included:

1. Pill Press;
2. Ranger Number 8, Serial no. not visible;
3. FN Five-Seven Pistol, serial no. 386364953;

---

[1] Defendant Rooks' Plea Agreement references forfeiture of all items listed in Attachment A to his plea agreement; however, the majority of the items constitute evidence from the investigation, and not items subject to forfeiture, and will be handled and disposed as evidence.

    4.    High Standard Model B Pistol, serial no. 37703;
    5.    R92 357 Mag/38 Special Rifle, serial no. 7CR013225M;
    6.    Ruger American Rifle, serial no. 83264121;
    7.    22 Rifle, serial no. G252866;
    8.    Ammunition and magazines;
    9.    Partial 3D printed firearms and parts;
    10.    Partial 3D printed firearms and parts;
    11.    Miscellaneous gun parts; and
    12.    Smith & Wesson 38 Revolver, serial no. J765328.[2]

    4.    Pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, the Court must determine what property is subject to forfeiture under 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c) as soon as practicable after a plea of guilty. Once the property is determined to be subject to forfeiture, the Court must promptly enter a Preliminary Order of Forfeiture.  Fed. R. Crim. P. 32.2(b)(2)(A).

    5.    It is mandatory that the Preliminary Order of Forfeiture is entered "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant."  Fed. R. Crim. P. 32.2(b)(2)(B).

    6.    As set forth in the Plea Agreement, the United States and defendant Jonathan Rooks agree that throughout 2021, the defendant used a particular darknet vendor moniker to sell fentanyl on the darknet in the form of pills with the imprint "M" on one side and "30" on the other.  The pill press was used to form these fentanyl pills.

    7.    On December 9, 2021, investigators executed a search warrant at defendant Jonathan Rook's residence at 4750 N. Everett Street Wheatridge, Colorado. Investigators discovered numerous blue pills marked with "M" and "30" that tested positive

---

[2] Defendant Rooks asserts he does not have an interest in the Smith & Wesson 38 Revolver.  A Preliminary Order of Forfeiture only forfeits a defendant's interest in the property, to the extent he has any.  The United States will send notice of the Preliminary Order of Forfeiture to any third parties they may have an interest in these assets of their right to contest the forfeiture.

3

for fentanyl.  Investigators also discovered the 39 items described in "Attachment A," including the pill press, firearms, and ammunition.  The defendant had previously been convicted of a felony and could not possess firearms or ammunition.

8. A Preliminary Order of Forfeiture is necessary in order for the United States to seize the property subject to forfeiture.  In addition, 21 U.S.C. § 853(n) requires that third parties who may have an interest in the property receive notice, via publication, or to the extent practical, direct written notice, of the forfeiture and the United States' intent to dispose of the property.  The United States cannot accomplish the seizure, notice, and publication without a Preliminary Order of Forfeiture.

WHEREFORE, the United States moves this Court to enter the Preliminary Order of Forfeiture tendered herewith, for the reasons set forth above.

DATED this 14th day of November 2022.

Respectfully submitted,

COLE FINEGAN
United States Attorney

By: s/ *Tonya S. Andrews*
Tonya S. Andrews
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
E-mail: tonya.andrews@usdoj.gov
*Attorney for the United States*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of November 2022, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notice to all counsel of record.

s/ *Jason Haddock*
FSA Paralegal
U.S. Attorney's Office