IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 21-cr-00420-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  JONATHAN ROOKS,

    Defendant.

## GOVERNMENT'S PSR OBJECTION

    The United States of America, by and through the undersigned Assistant United States Attorney, respectfully submits the following objection to the Presentence Investigation Report ("PSR").  ECF #40.

    <u>Paragraph 70</u>.  The PSR declines to add a four-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(13) for knowingly marketing as another substance a mixture or substance containing fentanyl.

    As described at length in the PSR, the defendant was a darknet vendor operating under the moniker "blue30s," a reference to blue 30mg oxycodone pills that appear as follow:



*Actual oxycodone 30 mg pills (source: drugs.com)*

The defendant's darknet page offered for sale items such as "30mg oxycodone," PSR ¶ 34, and his page informed shoppers that he serves "only the best quality pressed oxycodone 30s" that are "very potent," PSR ¶ 36.

The PSR points out that the defendant contends that anyone looking to purchase fentanyl on the darknet would recognize "blue 30s" as code for pills that are not actually oxycodone, but rather fentanyl pressed into counterfeit oxycodone pills.  Presumably, from this, the defendant would argue that although he was using code, he was not in fact advertising as another substance (oxycodone) a substance that was actually fentanyl since anyone who understood his code would understand that he was selling fentanyl.

The Government agrees that "blue 30s" on the darknet is code for pressed fentanyl such that an experienced fentanyl user would likely know that they were purchasing fentanyl.  But, to an inexperienced, opiate-naïve user looking for the lesser, relatively safer high of oxycodone, this code could be deadly.  Someone not experienced in the lingo of fentanyl users and dealers might believe they are purchasing oxycodone, not the much more potent fentanyl.  Compounding this problem, such a user might not be dissuaded once they received the defendant's package containing

pills that look remarkably like actual oxycodone pills.  Like real oxycodone pills, the defendant's pills were light blue and monogrammed with "M" on one side and "30" on the other:



*Undercover purchase from defendant*

The defendant's online deception is exactly the type that should concern this Court and to which the U.S.S.G. § 2D1.1(b)(13) enhancement should be applied. Although someone intentionally seeking fentanyl could easily die from the defendant's product, that risk of death is compounded by magnitudes for someone unfamiliar with darknet drug lingo, thus believing he is purchasing oxycodone instead.  And this is precisely the risk recognized by the Guideline provision.  That some savvy, experienced users might understand the defendant's jargon does not detract from the fact that, on the very face of the darknet listing—which specifically advertised "30mg oxycodone"—the defendant was "knowingly marketing as another substance a mixture or substance containing fentanyl."

Accordingly, the Government will respectfully ask the Court to apply this four-level enhancement at sentencing in this matter.

Respectfully submitted this 5th day of January, 2023.

                                       COLE FINEGAN
                                       United States Attorney

By:     *s/ Andrea Surratt*
            Andrea Surratt
            Assistant United States Attorney
            U.S. Attorney's Office
            1801 California St., Suite 1600
            Denver, CO 80202
            Telephone: (303) 454-0100
            e-mail: Andrea.Surratt@usdoj.gov
            Attorney for the Government